UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

CAMILLE GASTON,

                *Plaintiff,*

– against –

ELDERTLINE WOMEN SHELTER,

                *Defendant.*

**MEMORANDUM & ORDER**
24-cv-04386 (NCM)(LB)

---

**NATASHA C. MERLE**, United States District Judge:

P*ro se* plaintiff Camille Gaston filed this action for money damages against the Eldertline Shelter in Brooklyn, New York.[1] Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons discussed below, the complaint is dismissed with prejudice.

## DISCUSSION

Federal courts have limited subject matter jurisdiction, restricting the types of cases they can hear. *See Funk v. Belneftekhim*, 861 F.3d 354, 371 (2d Cir. 2017). There are two types of federal subject matter jurisdiction: federal question jurisdiction, which requires a claim based on a federal law, *see* 28 U.S.C. § 1331, and diversity jurisdiction, which requires a lawsuit with a value of greater than $75,000 and in which no defendant lives in the same state as the plaintiff, *see* 28 U.S.C. § 1332. The plaintiff bears the burden

---

[1] Plaintiff appears to refer to the Eldert Lane Shelter, located at 74 Eldert Lane in Brooklyn.

1

of establishing either type of subject matter jurisdiction.[2] *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). If the Court "determines it lacks subject matter jurisdiction," it must "dismiss the complaint in its entirety." *Do No Harm v. Pfizer Inc.*, 96 F.4th 106, 121 (2d Cir. 2024) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) and citing U.S. Const. art. III, § 2).

Here, plaintiff seeks to assert diversity jurisdiction under 28 U.S.C. § 1332. Compl. at 4. However, plaintiff resides in Brooklyn, New York, and the defendant shelter is deemed to reside in Brooklyn. Compl. at 2. Plaintiff gives no other information asserting any alternate citizenship for either party. Thus, the parties are impermissibly from the same state and diversity of citizenship is lacking. *See* 28 U.S.C. § 1332.

In light of plaintiff's *pro se* status, the Court has also considered whether plaintiff's allegations assert a basis for federal question jurisdiction. A case properly invokes federal question jurisdiction when federal law creates the plaintiff's cause of action or when "the well-pleaded complaint necessarily depends on resolution of a substantial question of federal law." *Bracey v. Bd of Educ. of City of Bridgeport,* 368 F.3d 108, 113 (2d Cir. 2004) (internal quotation marks and citation omitted); *see also Moore v. Brooklyn Hosp. Ctr.,* No. 22-cv-04208, 2022 WL 16798230, at *2 (E.D.N.Y. Nov. 8, 2022).

---

[2]   To state a claim for relief, a plaintiff's pleading must include "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8. Since plaintiff, as discussed below, does not state a proper basis for jurisdiction, she does not satisfy Rule 8's requirements and does not state a claim for relief. Moreover, plaintiff's claim is also extraordinarily unclear and would not state a claim for relief even if jurisdiction existed. The entirety of plaintiff's claim states: "they those people really seet [sic] me up & robble [sic] me [;] cool blood as a gang." Compl., ECF No. 1, at 5. Even under the less stringent *pro se* standard, *see Erickson v. Pardus, 551 U.S. 89 (2007),* this allegation does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Liberally construing plaintiff's allegations to raise the strongest arguments they suggest, the complaint does not suggest any basis for the exercise of federal question jurisdiction. Plaintiff's claim does not arise under the Constitution or any federal laws. *See* 28 U.S.C. § 1331. Although plaintiff may be attempting to allege that the shelter treated her improperly, the shelter is likely not an appropriate defendant under a federal cause of action, such as Section 1983. *See, e.g.*, *Cora v. Rennassace Mens Shelter*, No. 23-cv-9086, 2024 WL 230319, at *2 (E.D.N.Y. Jan. 22, 2024) (noting Section 1983 claim involving a privately-run shelter was inappropriate because the shelter was not a state actor as required under that federal cause of action); *Ortega v. Samaritan Vill. Myrtle Ave. Men's Shelter*, No. 18-cv-5995, 2020 WL 1043305, at *4 (E.D.N.Y. Mar. 4, 2020) ("The provision of homeless services by a private organization . . . does not turn the private organization or its employees into state actors.")

Because plaintiff has not alleged a valid basis for the Court's federal question or diversity jurisdiction, the Court must dismiss plaintiff's complaint for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons stated above, plaintiff's complaint, filed *in forma pauperis*, is dismissed for lack of subject matter jursidiction pursuant to Fed. R. Civ. P. 12(h)(3) and 28 U.S.C. § 1915(e)(2)(B). The Court considers but declines to grant plaintiff leave to amend, finding that amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is respectfully directed to enter judgment, mail a copy of this Order to the plaintiff, and note the mailing on the docket.

**SO ORDERED.**

                                                         ___/s/ Natasha C. Merle_____
                                                         NATASHA C. MERLE
                                                         United States District Judge

Dated:        July 10, 2024
                Brooklyn, New York